Ms. Deborah A. Thompson Ms. Marie Green c/o Little Rock Zoo #1 Jonesboro Drive Little Rock, Arkansas 72205
Dear Ms. Thompson and Ms. Green:
I am writing in response to your requests, made pursuant to A.C.A. §25-19-105(c)(3)(B) (Supp. 2007), for my opinion regarding whether the decision of the custodian of records to release to a requestor your "signed paycheck pick-up sheet[s]" with the City of Little Rock is consistent with the Arkansas Freedom of Information Act ("FOIA"), A.C.A. §§ 25-19-101 — 109 (Repl. 2002 Supp. 2007). The custodian has determined that "this information is a personnel record and is releasable." At least one of you objects to the release on the grounds that "[t]he records reflect not only vacation and sick leave usage by employees, but also show any suspensions due to disciplinary actions." By law, I am directed to opine whether the custodian's decision on release of the requested records is consistent with the FOIA. See A.C.A. §25-19-105(c)(3)(B).
RESPONSE
While I have not reviewed the actual records requested, in my opinion, the decision of the custodian is consistent with FOIA.
The FOIA provides for the disclosure upon request of certain "public records," which the Arkansas Code defines as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and *Page 2 
which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2007). Given that you are city employees, I believe documents containing the requested information clearly qualify as "public records" under this definition.
As noted by one of my predecessors:
 If records fit within the definition of "public records" . . ., they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law. The "unwarranted invasion of personal privacy" exemption is found in the FOIA at A.C.A. § 25-19-105(b)[12]. It exempts from public disclosure "personnel records to the extent that disclosure would constitute clearly unwarranted invasion of personal privacy. . . ." The FOIA does not define the term "personnel records." Whether a particular record constitutes a "personnel record," within the meaning of the FOIA is, of course, a question of fact that can only be determined upon a review of the record itself. However, the Attorney General has consistently taken the position that "personnel records" are all records other than employee evaluation and job performance records that pertain to individual employees, former employees, or job applicants. See, e.g., Op. Att'y Gen. No. 99-147, citing Watkins, THE ARKANSAS FREEDOM OF INFORMATION ACT (m m Press, 3rd Ed., 1998) at 134.
Op. Att'y Gen. 99-305; accord Ops. Att'y Gen. 2006-141 and 2001-122.
"Employee evaluation and job performance records," mentioned in the above quote, are a category of employment records separate from personnel records under the FOIA and are subject to a different test than for the release of personnel *Page 3 
records.[1] According to opinions of this office, documents such as written reprimands and letters of caution, documents supporting a recommendation for suspension or dismissal, letters related to promotions and demotions, and records that were generated as part of an investigation of allegations of the misconduct and that detail incidents that gave rise to such allegations generally fall within the category of "employee evaluations or job performance records." See, e.g., Ops. Att'y Gen. 2006-035; 2003-078; 2001-203; 99-147; 93-105; 93-055; 92-231; and
91-324. With regard to a letter notifying an employee of his or her suspension or termination, I agree with one of my predecessors' that "a dismissal or termination letter that contains the reasons for the termination is an employee evaluation or job performance record for purposes of the FOIA." Op. Att'y Gen. 2006-026 (citing Ops. Att'y Gen.95-171; 92-191; and 88-97). If, however, such a letter does no more than reflect the fact of termination, without elaboration, in my opinion it is properly classified as a "personnel record" under A.C.A. § 25-19-105(b)(12) and is subject to release under the test for release of that category of records. See, e.g., Op. Att'y Gen. 2006-147.
In my opinion the records in question which apparently bear the title "time sheets," and reflect payroll and leave information, are "personnel records" for purposes of the FOIA. The mere fact that the record may reflect that a suspension occurred, without elaboration, does not remove the document from the "personnel record" category. See, e.g., Ops. Att'y Gen. 2006-147; and 2002-150 (change of status forms do nothing more than reflect the change in status without stating the reasons for the change are "personnel records" rather than "employee evaluations or job performance records"). *Page 4 
Under the relevant statute, A.C.A. § 25-19-105, "personnel records" are open to public inspection and copying except "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12) (Supp. 2005).[2] The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase and adopted a balancing test to determine if it applies, weighing the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice, 308 Ark. 593,826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the custodian must disclose the personnel records. Specifically, the court noted:
 The fact that section 25-19-105(b)(10) [now subsection 105(b)(12)] exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain "warranted" privacy invasions will be tolerated. Thus, section 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interests and disclosure will be favored.
Young, 308 Ark. at 598. However, when "there is little relevant public interest" in disclosure, "it is sufficient under the circumstances to observe that the employees' privacy interest in nondisclosure is not insubstantial." Stilley v. McBride, 332 Ark. 306, 312, 965 S.W.2d 125
(1998). Given that exemptions from disclosure must be narrowly construed, it is the burden of an individual resisting disclosure to establish that his "privacy interests outweighed that of the public's under the circumstances presented." Id. at 313. The test is an objective one. See, e.g., Op. Att'y Gen. 96-133. The fact that the subject of any such records may consider release of the records an unwarranted invasion of personal privacy is not relevant to the analysis. See Ops. Att'y Gen.2001-112; 2001-022; 94-198; 94-178; and 93-055; See also Watkins, supra at 126. *Page 5 
At issue, then, is whether disclosing documents that record the number of hours worked, leave time, and other information that described why an employee was or was not working on a particular day would amount to a "clearly unwarranted invasion of personal privacy." In my opinion, documents reflecting this type of information are subject to inspection and copying under the FOIA. Specifically, this office has consistently opined that salary information of public officials is readily available under FOIA. See, e.g., Ops. Att'y Gen. 2005-051; 2003-298 and 2002-087. In addition, my predecessors have consistently concluded that "time sheets" are "personnel records" for the purposes of the FOIA and are generally open to inspection and copying under A.C.A. § 26-19-105(b)(12).See, e.g., Ops. Att'y Gen. 2006-177; 2003-115; 2002-238; and 2002-150. Any confidential information such as social security numbers must, of course, be redacted. Op. Att'y Gen. 2003-115. Furthermore, this office has consistently opined that leave sheets of public officials, with any medical information redacted, are available under FOIA. See, e.g., Ops. Att'y Gen. 2007-258; 99-015; and 92-132. The public interest in this type of information is substantial and any potential privacy interest does not outweigh it. See, e.g., Ops. Att'y Gen. 2006-141; 2005-260; 2005-114; 2005-100; 2005-085; 2005-058; 2005-057; 2004-258; 2004-256; 2004-255; 2004-202; 2002-257; 2002-107.
As noted above, in my opinion, the mere fact that a document reflects the fact of an employee's suspension, without elaboration on the reasons, does not remove the document from the "personnel record" analysis. In my opinion, the decision of the custodian to release the "signed paycheck pick-up sheet[s]" is therefore consistent with FOIA.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] "Employee evaluation or job performance records" are releasable only if the following three conditions have been met:
 1. There has been a final administrative resolution of any suspension or termination proceeding;
 2. The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 3. There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1). Employee evaluation or job performance records cannot be released unless each prong of this test has been met. See,e.g., Op. Att'y Gen. 2006-176.
[2] Ms. Green's request references an "Exemption 6" as a possible basis for withholding access to the records in question. This is a reference to the Federal FOIA and its standard for withholding personnel files that "would constitute a clearly unwarranted invasion of personal privacy."5 U.S.C. § 552(b)(6). The federal law is not applicable to records held by a city. I therefore address the Arkansas FOIA standard for the release of personnel records found in A.C.A. § 26-19-105(b)(12).